Michael J. Templeton (MT-8709)
Catherine M. Ferrara-Depp (CF-2329)
JONES DAY
222 East 41st Street
New York, NY  10017
Telephone:  (212) 326-3939

*Attorneys for Defendants Fisher-Price, Inc.
and Mattel, Inc.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEILE ALLEN, individually and on behalf of all other similarly situated,<br><br>                              Plaintiff,<br><br>-against-<br><br>FISHER-PRICE INC., a Delaware Corporation and MATTEL, INC., a Delaware Corporation, each separately and on behalf of all other entities similarly situated,<br><br>                              Defendants. | ECF CASE<br><br>Civil Action No.  07 CV 10401 (JSR)<br><br>**DEFENDANTS FISHER-PRICE, INC'S AND MATTEL, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** |

Defendants Fisher-Price, Inc. ("Fisher-Price") and Mattel, Inc. ("Mattel") (together "Defendants"), for themselves and for no other entities, hereby file their answer in response to Plaintiff's Class Action Complaint (the "Complaint").

**RESPONSE TO ALLEGATIONS**

The Complaint throughout contains numerous allegations regarding "Defendants" without any identification of specific acts of purported wrongdoing by either Fisher-Price or Mattel.  These collective allegations throughout the Complaint are a fatally defective attempt by Plaintiff to disguise her lack of knowledge of any specific wrongdoing by either Fisher-Price or Mattel in a web of undifferentiated aggregate claims.  Each Defendant, Fisher-Price and Mattel, individually denies that it has committed any wrongdoing.  For their responses to the specific

allegations of the Complaint, Defendants incorporate the foregoing statement in each paragraph below as applicable and further state:

### RESPONSE TO PLAINTIFF'S AVERMENTS
### IN NUMBERED PARAGRAPHS 1 THROUGH 37

1. Defendants acknowledge that Plaintiff purports to bring this action as a proposed class action, but deny that this action may properly be maintained as a class action and deny that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

2. Defendants admit that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time. Defendants deny the remaining allegations in paragraph 2 of the Complaint.

3. Defendants deny the allegations in paragraph 3 of the Complaint.

4. Defendants admit that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time. Defendants deny the remaining allegations in paragraph 4 of the Complaint.

5. The allegations in the first and second sentences of paragraph 5 of the Complaint are not directed at Defendants, but characterize an article by Consumer Reports, which speaks for itself. Defendants admit that they have not recalled or offered to reimburse consumers for the Medical Kits, but state that they have offered to replace the affected Medical Kit cuffs. Defendants deny the remaining allegations in paragraph 5 of the Complaint.

6. Defendants deny the allegations in paragraph 6 of the Complaint.

7. Defendants deny the allegations in paragraph 7 of the Complaint.

8. Defendants deny that Plaintiff or any putative class members are entitled to the relief described in paragraph 8 of the Complaint. Defendants deny that this action may properly be maintained as a class action and deny that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

9. The allegations in paragraph 9 of the Complaint contain legal assertions to which no response is required.

10. Defendants deny that Mattel resides in New York and deny that Fisher-Price's headquarters are in the Southern District of New York. Defendants have filed a motion before the Judicial Panel on Multidistrict Litigation seeking coordination of this matter with others in the United States District Court for the Central District of California. Any remaining allegations in paragraph 10 of the Complaint contain legal assertions to which no response is required.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and, therefore, deny the same.

12. Defendants admit the allegations in the first sentence of paragraph 12 of the Complaint that Fisher-Price does business in New York and sells its products to retailers for sale throughout the United States. Defendants admit the allegations in the second sentence of paragraph 12 of the Complaint that Fisher-Price sells its products through retailers, specialty retailers, wholesalers and directly to consumers. Defendants admit the allegation in the third sentence of paragraph 12 of the Complaint that Fisher-Price's products are sold throughout the world. Defendants admit the allegations in the fourth, fifth and sixth sentences of paragraph 12 of the Complaint. Defendants deny the remaining allegations in paragraph 12 of the Complaint. Defendants deny that this action may properly be maintained as a class action and deny that any

defendant class is either alleged in the Complaint or could satisfy the requirements of Federal Rule of Civil Procedure 23.

13.     Defendants admit the allegation in the first sentence of paragraph 13 of the Complaint that Mattel wholly owns Fisher-Price.  Defendants admit the allegations in the third sentence of paragraph 13 of the Complaint that Mattel sells its products through retailers, specialty retailers, wholesalers and directly to consumers.  Defendants admit the allegations in the fourth sentence of paragraph 13 of the Complaint.  Defendants admit the allegations in the fifth sentence of paragraph 13 of the Complaint that Mattel's headquarters are in El Segundo, California and that Mattel's products are sold in more than 150 nations.  Defendants admit the allegations in sixth sentence of paragraph 13 of the Complaint.  Defendants deny the remaining allegations in paragraph 13 of the Complaint.

14.     Defendants admit that product safety is an important aspect of their business, but deny the specific allegation in paragraph 14 of the Complaint that a marketing campaign for the Medical Kits is "built around" that single concept.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint regarding Plaintiff's beliefs and expectations and, therefore, deny the same.  Defendants deny the remaining allegations in paragraph 15 of the Complaint.

16.     Defendants admit that Mattel and/or Fisher-Price were involved in the distribution of toy Medical Kits.  Defendants deny the remaining allegations in paragraph 16 of the Complaint.

17.     Defendants admit the allegations in the first sentence of paragraph 17 of the Complaint.  Defendants deny the remaining allegations in paragraph 17 of the Complaint.

18. Defendants admit that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time, and that any such effects necessarily vary among individuals. Defendants deny the remaining allegations in paragraph 18 of the Complaint.

19. Defendants admit that lead, like many substances not intended for ingestion, has been recognized as having the potential to cause adverse effects on some humans if ingested in sufficiently large quantities over a sufficient amount of time. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint because they do not provide sufficient information regarding the referenced levels of exposure or the hypothetical child and, therefore, deny the same.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint because they do not identify a source for the alleged "association" and, therefore, deny the same.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, which purport to reflect the motives of a third party and, therefore, deny the same. Defendants admit that the CPSC has adopted regulations regarding lead-containing paint on toys and other articles and state that such regulations speak for themselves.

22. Defendants deny the allegations in paragraph 22 of the Complaint as addressed to them. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint pertaining to "other members of the Defendant Class" and, therefore, deny the same. Defendants deny that this action may properly be

maintained as a class action and deny that any defendant class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and, therefore, deny the same.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and, therefore, deny the same.

25. The allegations in paragraph 25 of the Complaint characterize an article purportedly from ConsumerReports.org, which speaks for itself. Defendants deny the remaining allegations in paragraph 25 of the Complaint.

26. The allegations in paragraph 26 of the Complaint characterize an article purportedly from Consumers Union, which speaks for itself. Defendants deny the remaining allegations in paragraph 26 of the Complaint.

27. Defendants admit that they have not recalled the Medical Kits, but state that they have offered to replace the affected Medical Kit cuffs. Defendants deny the remaining allegations in paragraph 27 of the Complaint.

28. Defendants deny that Plaintiff or any putative class member is entitled to any of the relief described in paragraph 28 of the Complaint.

29. Defendants deny the allegations in the first and second sentences of paragraph 29 of the Complaint. Defendants deny that Plaintiff or any putative class member is entitled to any of the relief described in the last sentence of paragraph 29 of the Complaint.

30. Defendants deny the allegations in the first sentence of paragraph 30 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 30 of the Complaint and, therefore, deny

the same and state that they have received no formal notice of such a current investigation. Defendants admit that the CPSC has investigated the timeliness of their reporting in the past. Defendants admit that in March 2007 and in 2001, without admitting any wrongdoing, Mattel and/or Fisher-Price paid the alleged amounts in settlement of good faith disputes with the CPSC over timing of reporting. Defendants deny the remaining allegations in paragraph 30 of the Complaint.

31.     Defendants acknowledge that Plaintiff purports to bring this action as a proposed class action, but deny that this action may properly be maintained as a class action and deny that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

32.     Defendants deny that this action may properly be maintained as a class action and deny that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

33.     Defendants deny the allegations in paragraph 33 of the Complaint.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and, therefore, deny the same. Defendants deny that this action may properly be maintained as a class action and deny that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

35.     Defendants deny the allegations in paragraph 35 of the Complaint, including that the alleged common issues present common questions with respect to any alleged class or that such alleged issues predominate over the inherently individual questions raised by the claims alleged in the Complaint.

36.     Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint. Defendants deny that this action may properly be maintained as a class action and deny that any class alleged in the Complaint satisfies the requirements of Federal Rule of Civil Procedure 23.

### RESPONSE TO FIRST ALLEGED CLAIM
**(Violations of Consumer Protection Laws)**

38. Defendants incorporate by reference and restate their responses paragraphs 1 through 37 of the Complaint as if set forth fully herein.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint and, therefore, deny the same.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 42 of the Complaint regarding the alleged reliance of Plaintiff or putative class members and, therefore, deny the same. Defendants deny the remaining allegations in paragraph 42 of the Complaint

43. Defendants deny the allegations in paragraph 43 of the Complaint.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint regarding what Plaintiff or putative class members would or would not have done and, therefore, deny the same. Defendants deny the remaining allegations in paragraph 48 of the Complaint.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

## RESPONSE TO SECOND ALLEGED CLAIM
### (Breach of Implied Warranty)

51. Defendants incorporate by reference and restate their responses to paragraphs 1 through 50 of the Complaint as if set forth fully herein.

52. The allegations in paragraph 52 of the Complaint contain legal assertions to which no response is required.

53. The allegations in paragraph 53 of the Complaint contain legal assertions to which no response is required.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

57. Defendants admit the allegations in paragraph 57 of the Complaint that a letter was delivered to them from counsel purporting to act on behalf of Plaintiff and others, but deny that any such letter constituted sufficient notice.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

59. Defendants deny the allegations in paragraph 59 of the Complaint.

## RESPONSE TO THIRD ALLEGED CLAIM
### (Strict Liability)

60. Defendants incorporate by reference and restate their responses to paragraphs 1 through 59 of the Complaint as if set forth fully herein.

61. Defendants deny the allegations in paragraph 61 of the Complaint.

62. Defendants deny the allegations in paragraph 62 of the Complaint.

63. Defendants deny the allegations in paragraph 63 of the Complaint.

64. Defendants deny the allegations in paragraph 64 of the Complaint.

## RESPONSE TO FOURTH ALLEGED CLAIM
### (Unjust Enrichment)

65. Defendants incorporate by reference and restate their responses to paragraphs 1 through 64 of the Complaint as if set forth fully herein.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants deny the allegations in paragraph 67 of the Complaint.

68. Defendants deny the allegations in paragraph 68 of the Complaint.

69. Defendants deny the allegations in paragraph 69 of the Complaint.

70. Defendants deny each and every allegation of the Complaint that is not expressly admitted herein, including any allegations that may be included in any of the headings to any of the particular sections of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny that Plaintiff or any putative member of the proposed class is entitled to any of the relief sought in the WHEREFORE clause on pages 14-15 of the Complaint.

FOR THEIR DEFENSES TO THE COMPLAINT, DEFENDANTS STATE AS FOLLOWS:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

71. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted against Defendants and further fails to state facts sufficient to entitle Plaintiff to any relief whatsoever from Defendants.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

72. Plaintiff lacks standing to assert some or all of the claims in the Complaint and lacks standing to represent putative class members in the class Plaintiff alleges.

## THIRD AFFIRMATIVE DEFENSE
### (Claims Preemption)

73. Some or all of the claims in the Complaint are preempted in whole or in part by the Consumer Product Safety Act ("CPSA"), applicable regulations, and actions of the Consumer Safety Products Commission in connection with the recalls.

## FOURTH AFFIRMATIVE DEFENSE
### (Conduct Not "Unlawful")

74. Some or all of the claims in the Complaint are barred in whole or in part because Defendants' conduct was not unlawful.

## FIFTH AFFIRMATIVE DEFENSE
### (Conduct Not "Unfair")

75. Some or all of the claims in the Complaint are barred in whole or in part because Defendants' conduct was not unfair.

## SIXTH AFFIRMATIVE DEFENSE
### (Conduct Not "Misleading")

76. Some or all of the claims in the Complaint are barred in whole or in part because Defendants' conduct was not misleading.

## SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

77. Some or all of the claims in the Complaint are barred in whole or in part by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE
### (Prohibition Against Excessive Penalties)

78. Some or all of Plaintiff's claims are barred to the extent Plaintiff seeks to impose penalties that violate the New York Constitution's prohibition against excessive penalties and/or similar provisions in other state constitutions.

### NINTH AFFIRMATIVE DEFENSE
### (Excessive Fines Clause of the Eighth Amendment to the United States Constitution)

79. Some or all of the claims in the Complaint are barred to the extent Plaintiff seeks damages that violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### TENTH AFFIRMATIVE DEFENSE
### (Due Process Clause of the Fourteenth Amendment to the United States Constitution)

80. Some or all of the claims in the Complaint are barred to the extent Plaintiff seeks damages or punitive damages that violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Safe Harbor)

81. Some or all of the claims in the Complaint are barred in whole or in part to the extent they seek to impose liability based on conduct that is otherwise protected by statute.

### TWELFTH AFFIRMATIVE DEFENSE
### (Disclaimer of Warranties)

82. Some or all of the claims in the Complaint are barred in whole or in part because there was a disclaimer of any express or implied warranties, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Superseding Cause)

83. Some or all of the claims in the Complaint are barred in whole or in part because any harm to Plaintiff was caused not by Defendants' actions, but by a superseding cause.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

84. Some or all of the claims in the Complaint are barred in whole or in part because the alleged conduct of Defendants was not unfair and was undertaken in good faith for a valid business purpose.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Lack of Privity)

85. Some or all of the claims in the Complaint are barred in whole or in part because Plaintiff is not in privity with Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure To State A Claim For Punitive Damages)

86. The Complaint is devoid of facts sufficient to constitute a claim against Defendants for punitive or exemplary damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Contributory and Comparative Negligence)

87. Any injury sustained by Plaintiff was caused, in whole or in part, by Plaintiff's contributory or comparative negligence, fault, and want of due care, and therefore Plaintiff is barred from any recovery, or any recoverable damages must be reduced in proportion to the amount of negligence attributable to Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Direct Injury)

88. The Complaint fails to state a cause of action because Plaintiff suffered no direct harm as a result of the alleged acts.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Lack of Requisite Particularity)

89. Some or all of the claims in the Complaint are barred in whole or in part because they are not plead with the requisite particularity.

### TWENTIETH AFFIRMATIVE DEFENSE
(No Valid Class)

90. Plaintiff's claims fail in whole or in part to meet the procedural or factual requirements necessary to certify or maintain a class action.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(Lack of Statutory Claim)

91. To the extent Plaintiff seeks to assert claims under New York law on behalf of a nationwide class, some or all of the putative class members outside New York lack standing to assert such claims.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(Lack of Actionable Representations)

92. Some or all of Plaintiff's claims fail because they are not based on actionable representations by Defendants.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
(Lack of Intentional Action)

93. Any claim for damages is barred because Defendants' actions were not intentional, but resulted from bona fide errors despite reasonable procedures in place.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
(Failure to Provide Sufficient Notice)

94. Any claim for damages under state consumer protection laws is barred because Plaintiff failed to provide sufficient and/or adequate notice as required.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
(Requirements of Applicable Law)

95. Plaintiff is not entitled to recover punitive or exemplary damages because the requirements of applicable law regarding such damages are not met by the facts set forth in the Complaint.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
**(Ratification)**

96. Plaintiff's claims are barred, in whole or part, by ratification.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
**(Waiver)**

97. Plaintiff's claims are barred, in whole or part, by waiver.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
**(No Claim for Medical Monitoring)**

98. The claims in the Complaint seeking or asserting a medical monitoring claim or remedy are barred for the reasons that such a claim or remedy is not available under applicable law and because the facts pled in the Complaint do not satisfy the requirements for medical monitoring to the extent such a claim or remedy has been recognized in any jurisdiction.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
**(Right to Assert Additional Defenses)**

99. Defendants intend to rely on any additional affirmative defenses that become available or apparent through discovery and the factual development of this case or otherwise, and, thus, reserve the right to amend their Answer to assert such additional defenses.

### DEMAND FOR A JURY TRIAL

Defendants demand a trial by jury of all claims triable by a jury.

Dated: New York, New York
       December 18, 2007

                              Respectfully submitted,

                              s/ Michael J. Templeton_____
                              Michael J. Templeton (MT-8709)
                              Catherine M. Ferrara-Depp (CF-2329)
                              JONES DAY
                              222 East 41st Street
                              New York, NY 10017
                              Telephone: (212) 326-3939

                              Attorneys for Defendants Fisher-Price, Inc. and Mattel, Inc.

**Of Counsel:**

Hugh R. Whiting
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939

Thomas E. Fennell
Michael L. Rice
JONES DAY
2727 N. Harwood St.
Dallas, TX 75201
Telephone: (214) 220-3939

# CERTIFICATE OF SERVICE

I, Catherine M. Ferrara-Depp, hereby certify that on December 18, 2007, a true and correct copy of DEFENDANTS FISHER-PRICE, INC.'S AND MATTEL, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

**Attorney for Plaintiff and Purported Class Members:**
Steven M. Hayes
Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP
112 Madison Avenue, 7th Floor
New York, New York 10016
Telephone: (212) 784-6400
Facsimile: (212) 213-5349

I FURTHER CERTIFY that on December 18, 2007, true and correct copies of DEFENDANTS FISHER-PRICE, INC.'S AND MATTEL, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT were served via first class mail to the following counsel of record:

**Of Counsel**:

| | |
|---|---|
| Lance A. Harke | Kenneth J. Brennan |
| Sarah Clasby Engel | Simmons Cooper LLC |
| Harke & Clasby LLP | 707 Berkshire Boulevard |
| 155 South Miami Avenue, Suite 600 | East Alton, Illinois 62024 |
| Miami, Florida 33130 | Telephone: (618) 259-2222 |
| Telephone: (305) 536-8220 | Facsimile: (618) 259-2251 |
| Facsimile: (305) 536-8229 | |
| | |
| Ben Barnow | Aron D. Robinson |
| Barnow and Associates, P.C. | The Law Office of Aron D. Robinson |
| One North LaSalle Street, Suite 4600 | 19 South LaSalle Street, Suite 1300 |
| Chicago, Illinois 60602 | Chicago, Illinois 60603 |
| Telephone: (312) 621-2000 | Telephone: (312) 857-9050 |
| Facsimile: (312) 641-5504 | Facsimile: (312) 857-9054 |

s/ Catherine M. Ferrara-Depp
Catherine M. Ferrara-Depp (CF-2329)
Jones Day
222 East 41st Street
New York, New York 10017
(212) 326-3939