Michael J. Templeton (MT-8709)
Catherine M. Ferrara-Depp (CF-2329)
Jones Day
222 East 41st Street
New York, NY  10017
Telephone:  (212) 326-3939

*Attorneys for Defendants Fisher-Price, Inc.
and Mattel, Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEILE ALLEN, individually and on behalf of all other similarly situated,<br><br>                                         Plaintiff,<br><br>-against-<br><br>FISHER-PRICE INC., a Delaware Corporation and MATTEL, INC., a Delaware Corporation, each separately and on behalf of all other entities similarly situated,<br><br>                                         Defendants. | ECF CASE<br><br>Civil Action No.  07 CV 10401 (JSR)<br><br>**DEFENDANTS' SUBMISSION REGARDING CASE MANAGEMENT PLAN** |

Pursuant to the Court's November 26, 2007 Notice of Conference, the parties have separately submitted a Proposed Case Management Plan.  In conjunction with that submission, defendants respectfully advise the Court of the following matters:

1.      <u>MDL Proceedings</u>.  On December 18, 2007, the Judicial Panel on Multidistrict Litigation entered a Transfer Order establishing an MDL proceeding related to certain pending cases arising out of defendants' recent recalls of toys.  Pursuant to the Transfer Order, six actions were transferred to the Central District of California for coordinated or consolidated pretrial proceedings with five actions already pending there.  *See* Exhibit A.  In addition, the JPML, at note 1 of the Transfer Order, identified seven other related actions that have been designated as potential tag-along actions under Rules 7.4 and 7.5 of the Rules of Procedure of the Judicial

Panel on Multidistrict Litigation. A Conditional Transfer Order as those potential tag-along actions pending outside the Central District of California was entered by the JPML on January 3, 2008.

Subsequent to the issuance of the Transfer Order, defendants filed an additional Notice of Potential Tag-Along Actions (*see* Exhibit B hereto), which identified this action as related to those in the MDL proceedings. Pursuant to the JPML Rules, therefore, the Clerk of the JPML is expected to issue next week a Conditional Transfer Order transferring this action to the Central District of California. Notice of Opposition to the Conditional Transfer Order will be due within fifteen days of the entry of that Conditional Transfer Order. Absent objection, it is expected, therefore, that this case will be promptly transferred to the Central District of California following the expiration of the fifteen-day period for raising objections.

2.    Proposed Case Management Plan. The Court's Notice of Court Conference provided the parties with a form for a Case Management Plan that specifies scheduling this case so as to be ready for trial on June 18, 2008. While the transfer by the JPML referenced above is almost certain to supersede any schedule established herein, if that transfer were not to occur as anticipated, defendants respectfully suggest that it would be very difficult to comply with a schedule requiring this case to be ready for trial by June 18. In particular, defendants believe that substantial additional time would be required to address plaintiff's request that this action be certified as a nationwide class and related matters such as the priority or ordering of appropriate discovery to address class issues and class notice in the event the class were certified. Moreover, completion of discovery is complicated because the products at issue in this action were manufactured in China. Nonetheless, in accordance with the Court's requirement, defendants

have joined with plaintiff to agree on the jointly submitted Case Management Plan in a form reflecting a "ready for trial" date of June 18, 2008.

Dated: New York, New York
      January 11, 2008

                                  Respectfully submitted,

                                  s/ Michael J. Templeton
                                  Michael J. Templeton (MT-8709)
                                  Catherine M. Ferrara-Depp (CF-2329)
                                  JONES DAY
                                  222 East 41st Street
                                  New York, NY  10017
                                  Telephone:  (212) 326-3939

                                  Attorneys for Defendants Fisher-Price, Inc. and Mattel, Inc.

## CERTIFICATE OF SERVICE

I, Catherine M. Ferrara-Depp, hereby certify that on January 11, 2008, a true and correct copy of DEFENDANTS' SUBMISSION REGARDING CASE MANAGEMENT PLAN was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

**Attorney for Plaintiff and Purported Class Members:**
Steven M. Hayes
Hanly Conroy Bierstein Sheridan Fisher & Hayes LLP
112 Madison Avenue, 7th Floor
New York, New York 10016
Telephone: (212) 784-6400
Facsimile: (212) 213-5349

I FURTHER CERTIFY that on January 11, 2008, true and correct copies of DEFENDANTS' SUBMISSION REGARDING CASE MANAGEMENT PLAN were served via Federal Express to the following counsel of record:

**Of Counsel:**
Lance A. Harke
Sarah Clasby Engel
Harke & Clasby LLP
155 South Miami Avenue, Suite 600
Miami, Florida 33130
Telephone: (305) 536-8220
Facsimile: (305) 536-8229

Ben Barnow
Barnow and Associates, P.C.
One North LaSalle Street, Suite 4600
Chicago, Illinois 60602
Telephone: (312) 621-2000
Facsimile: (312) 641-5504

Kenneth J. Brennan
Simmons Cooper LLC
707 Berkshire Boulevard
East Alton, Illinois 62024
Telephone: (618) 259-2222
Facsimile: (618) 259-2251

Aron D. Robinson
The Law Office of Aron D. Robinson
19 South LaSalle Street, Suite 1300
Chicago, Illinois 60603
Telephone: (312) 857-9050
Facsimile: (312) 857-9054

s/ Catherine M. Ferrara-Depp
Catherine M. Ferrara-Depp (CF-2329)
Jones Day
222 East 41st Street
New York, New York 10017
(212) 326-3939

# EXHIBIT A

**MDL 1897**

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Dec 18, 2007

FILED
CLERK'S OFFICE

IN RE: MATTEL, INC., TOY LEAD PAINT
PRODUCTS LIABILITY LITIGATION

MDL No. 1897

### TRANSFER ORDER

**Before the entire Panel**[*]: Defendants Mattel, Inc. (Mattel) and Fisher-Price, Inc., and plaintiffs in three actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Central District of California. Plaintiffs in the District of South Carolina action support centralization, but suggest the District of South Carolina as transferee district. Plaintiffs in the Southern District of New York actions support centralization, but suggest the Southern District of New York as transferee district. Plaintiff in the Eastern District of Pennsylvania *Monroe* action opposes the inclusion of her action in MDL No. 1897 proceedings.

This litigation currently consists of eleven actions listed on Schedule A and pending in five districts as follows: five actions in the Central District of California; two actions each in the Southern District of New York and the Eastern District of Pennsylvania; and one action each in the Southern District of Indiana and the District of South Carolina.[1]

On the basis of the papers filed and hearing session held, we find that these eleven actions involve common questions of fact, and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share questions of fact relating to the production of defendants' toys in China with surface paints that allegedly contain elevated levels of lead and the sale of those toys in the United States. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

The Eastern District of Pennsylvania *Monroe* plaintiff argues that inclusion of her action is not appropriate, because, *inter alia*, her action seeks only medical monitoring. We respectfully disagree. Like *Monroe*, most of the actions before us seek medical monitoring. Centralization under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that ensures streamlined resolution of all actions to the overall

---

[*] Judge Scirica did not participate in the decision of this matter.

[1] The Panel has been notified that seven other related actions have been filed, five in the Central District of California, and one each in the Northern District of California and the District of District of Columbia. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

PLEADING NO. 24

**OFFICIAL FILE COPY**   IMAGED DEC 1 8 2007

-2-

benefit of the parties and the judiciary.

We are persuaded that the Central District of California is an appropriate transferee forum for this litigation. The first-filed action is pending there. In addition, because defendant Mattel is headquartered within this district, relevant documents and witnesses may be found in the Los Angeles vicinity.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Dale S. Fischer for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

D. Lowell Jensen        J. Frederick Motz
Robert L. Miller, Jr.   Kathryn H. Vratil
David R. Hansen         Anthony J. Scirica*

IN RE: MATTEL, INC., TOY LEAD PAINT
PRODUCTS LIABILITY LITIGATION                    MDL No. 1897

## SCHEDULE A

### Central District of California

Ann L. Mayhew, etc. v. Mattel, Inc., et al., C.A. No. 2:07-5126
Nicole B. White, et al. v. Mattel, Inc., et al., C.A. No. 2:07-5366
Adam Luttenberger, etc. v. Mattel, Inc., et al., C.A. No. 2:07-5539
Heather Davis Puerzer, et al. v. Mattel, Inc., et al., C.A. No. 2:07-5661
Nisha Shah v. Fisher-Price, Inc., et al., C.A. No. 2:07-5960

### Southern District of Indiana

Steve Sarjent, et al. v. Fisher-Price, Inc., et al., C.A. No. 1:07-1060

### Southern District of New York

Farrah Shoukry v. Fisher-Price, Inc., et al., C.A. No. 1:07-7182
Seth Goldman v. Fisher-Price, Inc., et al., C.A. No. 1:07-7764

### Eastern District of Pennsylvania

Nydia Monroe, etc. v. Mattel, Inc., C.A. No. 2:07-3410
Jacob Chow, et al. v. Mattel, Inc., et al., C.A. No. 2:07-3741

### District of South Carolina

Daniel S. Hughey, et al. v. Fisher-Price, Inc., et al., C.A. No. 2:07-2930

# EXHIBIT B

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In re Mattel, Inc., Toy Lead Paint Products  §  MDL Docket No. 1897
Liability Litigation

## DEFENDANTS' NOTICE OF POTENTIAL TAG-ALONG ACTIONS

This Panel issued a Transfer Order in this proceeding on December 18, 2007, coordinating eleven actions in the Central District of California, and identifying an additional seven potential tag-along actions. *See* Transfer Order at 1 n.1. Pursuant to Rules 7.2(i) and 7.5(d) and (e), Defendants Mattel, Inc. and Fisher-Price, Inc. submit notice of the following additional potential tag-along actions.

> *Keile Allen, individually and on behalf of all others similarly situated vs. Fisher-Pric, Inc. and Mattel, Inc.*, pending in United States District Court for the Southern District of New York, Civil Action No. 07-10401 and assigned to United States District Judge Jed Rakoff.

> *Crystal Sanders, on behalf of herself and all others similarly situated vs. Mattel, Inc. and Fisher-Price, Inc.*, pending in United States District Court for the Eastern District of Louisiana, Civil Action No. 07-8637 and assigned to United States District Judge Stanwood R. Duval, Jr.

Both the *Allen* and *Sanders* complaints seek to certify nationwide class actions and assert claims similar to those made in the previously filed federal lawsuits related to lead paint associated with recent recalls by Defendants.

DL1-6163004v1

January 4, 2007

                                        Respectfully submitted,

                                        *Hugh R. Whiting /DH*

                                        Hugh R. Whiting
                                        JONES DAY
                                        717 Texas, Suite 3300
                                        Houston, TX 77002
                                        Telephone: (832) 239-3939
                                        Facsimile: (832) 239-3600
                                        Email: hrwhiting@jonesday.com

                                        Thomas E. Fennell
                                        Michael L. Rice
                                        JONES DAY
                                        2727 N. Harwood St.
                                        Dallas, TX 75201
                                        Telephone: (214) 220-3939
                                        Facsimile: (214) 969-5100
                                        Emails: tefennell@jonesday.com
                                                      mlrice@jonesday.com

                                        Attorneys for Defendants Mattel, Inc.,
                                        Fisher-Price, Inc., and Target Corporation